PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CELEDONIO TORRES, Defendant and Appellant.

No. 3769.   Argued November 12, 1929.—Decided December 10, 1929.

*Luis T. Camacho*, for appellant.   *R. A. Gómez*, for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment of conviction by the District Court whereby the appellant was sentenced to pay a fine of twenty-five dollars or to imprisonment in jail one day for each dollar of the fine left unpaid, and to pay the costs.   The offense of which he was convicted was the violation of section 291 of the Penal Code.

The original complaint reads as follows:

"I, Fernando Quiñones, District Chief, Insular Police, residing at Hostos Street, Guayama, of age, file this complaint against Celedonio Torres for violation of section 291 of the Penal Code of P. R. committed in the following manner: The said Celedonio Torres on August 23, 1928, in Jobos Street, Guayama, in the Municipal Judicial District of Guayama, P. R., which is a part of the Judicial District of the same name, then and there, did unlawfully, wilfully and maliciously establish and conduct a lottery for the distribution of money represented by counters previously valued and to be exchanged for cash on presentation, which distribution was made by

lot or chance among such persons as were willing to take chances in order to win the counters and their equivalent in cash, using for such illegal purposes a slot machine marked No. 59184, which the accused had installed in his restaurant business in Jobos St., Guayama, P. R., and which he did operate and use in the following manner: customers, including the complainant, deposited a five-cent coin for the purpose of taking a chance and winning the corresponding prize represented by cash, leaving the decision to the working of the mechanism of such machine with the result that if they won, they would get a number of counters representing cash, or only the satisfaction of gambling if they lost; and this by itself constitutes an unlawful scheme put into effect by the accused herein for the sole purpose of getting for his exclusive personal benefit the money deposited by the various players in the aforesaid machine, which in turn gives back prizes surpassing in value the amount deposited by the better if the latter is successful in his bet; but in either case the benefit and its distribution depending on chance. This is contrary to law."

Five errors are assigned by appellant. The first, as follows:

"First error.—The District Court of Guayama erred in dismissing the motion to strike out filed against the complaint."

The matter sought to be stricken out is: "This by itself constitutes an unlawful scheme put into effect by the accused herein for the sole purpose of getting for his exclusive personal benefit the money deposited by the various players in the aforesaid machine, which in turn gives back prizes surpassing in value the amount deposited by the better if the latter is successful in his bet, but in either case the benefit and its distribution depending on chance."

The accused insisted in the elimination of the above paragraph on the ground that it alleges conclusions of law.

This question has no practical or legal importance. The complaint follows substantially the language of the statute. Some of the phrases set forth therein are superfluous, but their inclusion can not either prejudice the substantial rights of the accused or mislead the court from the right judgment.

The second assignment is as follows:

"Second error.—Overruling by the court of the demurrer for lack of facts sufficient to charge a violation of section 291 of the Penal Code."

Appellant bases his argument on *People* v. *Mariani,* 15 P.R.R. 263. He also cites the decision in *People* v. *Martínez,* 23 P.R.R. 212; but in our opinion the latter decision, in essence as well as in form, is adverse rather than favorable to the contention of the appellant. The headnote thereof, transcribed in the brief of appellee, reads partly as follows:

"The information alleges that the defendant organized a scheme for the distribution of money by lot, wherein a number of persons agreed to pay ten cents for each chance and $700 was to be paid to the winner after the defendant had deducted 30 per cent, all depending upon certain races being run on the race track in San Juan. *Held:* That the information charged an offense under sections 291 and 292 of the Penal Code and was sufficient in the absence of objection."

In *People* v. *Swiggett,* 37 P.R.R. 845, we have held the elements of such offenses to be: chance, consideration and prize. The following paragraphs are taken from the opinion in that case:

"The trial court was led into error by its idea that as the plan devised by the defendant contained no element of loss, there was no public offense. Apart from the fact that it is very venturesome to say whether or not the element of loss exists in these cases, inasmuch as we must suppose that when a merchant conducts drawings for the distribution of suits of clothes besides selling suits for their so-called just value, it is because he can do so at a profit instead of suffering a loss, the fact is, as we have said at the beginning, that the three elements which make the act a public offense are chance, consideration and prize.

". . . . It is one of the many schemes that have been devised for eluding penal statutes equivalent or similar to ours in force in many of the states of the Union."

The complaint is sufficient.

"Third error.—The District Court erred in permitting, over the objection of the accused, experiments to be made for the purpose of

demonstrating the alleged game of lottery after the explanation thereof given by the witness.

"Fourth error.—The Court erred in permitting, over the objection of the accused, the witness Andrés Carire Soler to consult a memorandum in order to identify the automatic machine notwithstanding his statement that he could identify the same at sight."

No such errors exist. It was within the province of the court to permit a witness, without prejudice to the essential rights of the accused, to place coins in the machine and to move the handle and thus get an idea of the working of the apparatus. As to the right of the accused to consult a memorandum regarding the number of the machine, it was not only discretional but also human and logical on the part of the court to grant it.

The fifth assignment of error refers to the overruling of the motion for nonsuit. We have read the transcript of the evidence and we are of opinion that the motion in question was properly overruled.

The judgment appealed from must be affirmed.